[849 NYS2d 833]

In the Matter of MARTIN E. EADES, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 1, 2008

APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.
*David L. Foster*, Geneva, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1973, and formerly maintained an office for the practice of law in Geneva. The Grievance Committee filed a petition charging respondent with acts of misconduct including conversion of client funds and other trust account improprieties. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The hearing was conducted only on matters in mitigation. The Referee filed a report, which the Grievance Committee moves to confirm.

The Referee found that respondent allowed the balance in his attorney trust account to fall below the amount of his clients' interests, as a result of which a trust account check was dishonored for insufficient funds and respondent was required to resolve the matter by issuing payment on behalf of a client from personal funds. Additionally, respondent admits, and the Referee found, that respondent neglected the matters of three clients and failed to respond to inquiries by the Grievance Committee regarding complaints made by those clients.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to the client or third person in a prompt manner as requested by the client or third person the funds, securities or

other properties in his possession that the client or third person is entitled to receive; and

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount and description of such funds, and the names of all persons to whom such funds were disbursed.

We have considered the matters submitted by respondent in mitigation, including that he has closed his law office and no longer engages in the private practice of law. Additionally, we have considered the finding of the Referee that respondent had no intent to convert client funds to his own use. Respondent, however, has an extensive disciplinary history, a factor noted by the Referee in aggravation of the charges. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court.

MARTOCHE, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order of suspension entered.